### THE STATE (Thompson, prosecutor,) v. EMMONS.

1. It is a sufficient description of the beginning point of a road, in proceedings for laying out a new road, to fix it " in the public road from G. to H., one rod distant easterly from the line of B."

2. It is not necessary that the notice of the meeting of surveyors should name the township in which they are to meet, if the place of their meeting is designated with certainty.

3. It is not necessary to assess the damages for land taken for a public road of a land owner who is a real applicant for the road, although he did not sign the petition.

4. A person whose land was not taken for a public road cannot urge as a reason for setting aside a return, that no damages were awarded to another person whose lands were taken, and who does not complain.

On *certiorari* to the Common Pleas of Hunterdon. Argued before OGDEN and POTTS, Justices.

Opinion by OGDEN, J.

The return made to the *certiorari* in this case shows that, on the second day of October, 1851, six surveyors of the highways of the county of Hunterdon laid out a highway in the township of Readington, in said county, and also vacated a part of another highway in the same township.

The whole proceedings are alleged to be unlawful, for the following reasons :

*First.* It is said that all the preliminary papers are deficient, for not setting out with sufficient certainty the beginning and ending points of the road to be laid out and of the road to be vacated.

This reason is not sustained by the facts. The beginning point is fixed as being in a public road leading from Thatcher's to Corlies' mill, one rod easterly from the line of the relator's wood-lot—a place which was easily found by those who were familiar with the locality. The ending point is in the same road, one rod northerly from the corner of one Chittenden's wood-lot. The beginning and ending points, and also the general direction of the proposed new road, are specified with sufficient particularity to meet the requirements of the statute. The road which was vacated lies between the beginning and ending points of the road laid out, and is described in the papers with the same sufficient certainty.

It was also objected that the notice of the meeting is defective, because it does not name the township in which the surveyors were to meet.

The court appointed, as the place of meeting, the house of Horatio H. Chittenden. The return of the surveyors shows that they met at the house of Horatio H. Chittenden, in the *township of Readington.* The whole number of surveyors were present. We have neither proof nor allegation that any person interested in the matter was prevented from attending the meeting, on account of the alleged deficiency of the notice. The return cannot be disturbed upon this objection.

Another reason relied on was, that no assessment was made and returned by the surveyors.

Two sufficient answers were made to this objection :

*First.* That the only person whose land was taken for the new road was really the applicant for it, and for the vacation of the old one. Although he is not one of the petitioners to the court, yet it appears, by his affidavit, upon the back of the petition, that he procured all the signatures to it, and set up the advertisements; and it further appears that the meeting of the surveyors was held at his house. The surveyors determined the fact of Chittenden's connection with the application. If they were satisfied that he was substantially an applicant, they could not, under the statute, award damages to him.

The other answer to that objection was, that Mr. Thompson (the prosecutor), whose land was not taken for the road, cannot object to the return, because his neighbor, Mr. Chittenden, whose land was taken, has not been compensated.

Another reason urged for setting aside the proceedings, was that there is a variance between the petition and the return. A comparison of the two papers, and an inspection of the accompanying map, show that this objection was not well taken.

We are of opinion that the proceedings below were correct, and that judgment should be entered in favor of the defendant in *certiorari.*